Bead, J.
This bill was filed to subject an equity to the satis *304 faction of a judgment at law, and involves a question of priority of liens.
Judgment at law had been obtained against E. W. Chester, in favor of Loring, Elliott, and the Lafayette Bank.
Chester, the judgment debtor, had conveyed the premises in question to John Melendy, by deed, absolute upon its face, though in fact a mortgage, bearing date April 13, 1838, which was recorded on January 2, 1839. The premises thus conveyed were a perpetual leasehold estate — a lease for the term of ninety-nine years, renewable forever.
Elliott had obtained two judgments against Chester and Mansfield, the latter as security, at the October term of the superior court of Hamilton county, 1838, and caused execution to be levied upon said leasehold estate on March 19, 1839.
*David Loring, the complainant, also obtained a judgment against Chester at January term of said superior court, 1839, and caused execution to issue, which was returned nulla bona. Loring filed his bill to subject the equitable interest of Chester in said premises, to satisfy his judgment, on April 17, 1839, subsequent to Elliott’s levy.
Judgment was also obtained against Chester, in favor of the Lafayette Bank.
Under this state of facts, Melendy claims that his debt, secured by mortgage, shall be first satisfied.
Elliott claims to overreach Melendy’s mortgage, by virtue of a. judgment lien obtained prior to the recording of the mortgage.
Loring claims that Chester’s interest in the premises is but an equity, and that having first filed his bill, to subject it, ho is entitled to have his judgment first satisfied, after Melendy’s mortgage debt, and that the other judgment creditors are entitled but pro rata to the residue.
These questions are all disposed of by determining the nature of Chester’s estate in the premises.
By the execution of the deed to Melendy, which was prior to all the judgments, Chester’s whole legal estate passed, and left with him the bare equity to redeem on payment of the debt secured. The deed was absolute upon its face, and, for all legal purposes, transferred the whole legal estate. Judgments and executions at law can only affect and reach the legal estate.
In Baird v. Kirtland, 8 Ohio, 23, the court say, in order that a *305 judgment may operate as a lien, the defendant or judgment debtor must have a legal title. The fact that in equity the grantor would have a right to treat the deed as a mortgage, will in no sense authorize it to be treated as a legal estate. The dis tinction is between an equitable and legal mortgage.
In ease of a legal mortgage, which the court, in Baird v. Kirtland, define to be a mortgage, where the condition of defeasance constitutes a part of the deed, although the mortgagor, *in possession, is treated as the real owner at law, and possesses an estate to which judgment liens attach, and which may be sold on execution at law, yet, in the case just cited, it is expressly declared that when the deed is absolute upon its face, no such legal estate remains in the grantor. The express point of the case was, that where the deed was absolute upon its face, the grantor had no interest upon which a judgment lien could attach.
Elliott, then, takes nothing by virtue of his judgment lien and levy, because neither can reach an equity. .Melendy having the legal estate by virtue of his deed, which in equity is a mortgage, is entitled to have his debt first satisfied.
Loring, having first subjected Chester’s equity, is entitled, by reason of his superior diligence, to have his judgment first fully satisfied after Melendy; and Elliott, and the other judgment creditors, will come in, pro rata, for the residue.
This disposes of the whole case, although it was reserved to determine the question, whether a perpetual lease was to be regarded as a mere chattel, or as “ lands and tenements,” to which judgment liens attach.
Whether we call it lands and tenements, or a chattel, we should arrive at the same result, respecting the rights of these parties, which we have above declared. For, although a perpetual lease may be called a chattel, yet, for all purposes of conveyance or sale, it has always been treated as land capable of being charged', incumbered, and disposed of, only in the same manner.
In the case of the Widow and Heirs at Law of William Reynolds v. The Commissioners of Stark County, 5 Ohio, 204, the court say: “Aleaseis personal property, although it contains a stipulation that it shall be renewable forever.”
But it has been the policy of our law for many, and, in fact, for most purposes, to treat permanent leases as lands; such has always been the case for purposes of sale and transfer; and the question. *306 is now, whether such leases are not put upon the footing of lands for all purposes.
*By the act of June 20, 1821, Chase’s L. 1185, it is declared that permanent leases, in cases of judgments and executions levied thereon, shall be considered as real estate, and shall be governed, in their sale, by the laws applicable to the sale of real estate then in existence, of such as may be enacted. By the act of March 5, 1839, Swan’s Stat. 289, permanent leasehold estates, for the purposes of descent and distribution, and for sales on execution, are subject to the same laws that apply to estates in foo.
Since the passage of this last act, we may feel ourselves admonished by the uniform policy of our legislature, by calling things by their real names, to harmonize our whole system of land jurisprudence. To withdraw permanent leasehold estates from their anomalous position, between chattel and realty, and by calling them what in truth they are, lands, we relieve them from all doubt as to the principles and laws which shall control them, and assign to them a certain and fixed place in the law. A permanent leasehold estate is not a chattel, but is, in truth, land, carrying the fee. Such is the nature of the estate, and so it has been considered and treated in the legislation of our state. We therefore declare that permanent leasehold 'estates are lands subject to all the rales and laws which attach to land for all purposes, and that judgment liens attach to them as lands.
In thus emancipating permanent leasehold estates from a name ..too narrow to convey their idea, and rules too contracted for their control, we are only carrying out the policy of our legislature -upon this subject. And although this case might have been disposed of without deciding this point, yet as it fairly comes up, and was the point upon which the case was reserved, we have thought proper to put this doubtful question at rest.
Decree for complainant.